IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SAMUEL WESLEY-EL, | * | |
| Petitioner, | * | |
| v. | * | Criminal Action No. CCB-97-0033 |
| | | Civil Action No. CCB-18-3361 |
| TIMOTHY S. STEWART, *Warden*, | * | |
| Respondent. | *** | |

## MEMORANDUM OPINION

Petitioner Samuel Wesley-El is a federal prisoner confined at the Federal Correctional Institution in Cumberland, Maryland. On October 30, 2018, he filed a petition under 28 U.S.C. § 2241, challenging his 1997 federal sentence issued by this court. Civil Action No. CCB-18-3361, ECF No. 1. Wesley-El alleges that his prior Maryland state convictions were improperly used to enhance his federal sentence, and asks to be resentenced. *Id.* at 8. The government has responded and Wesley-El has filed a reply. No hearing is necessary to resolve this petition.

## BACKGROUND

Wesley-El is serving concurrent life sentences imposed by this court on July 23, 1997, after a jury convicted him of drug distribution and related charges. *United States v. Wesley*, Criminal Action No. CCB-97-33. His convictions were upheld on direct appeal to the United States Court of Appeals for the Fourth Circuit. *United States v. Wesley*, 165 F.3d 22 (4th. Cir. 1998) (unpublished).

Wesley-El's first Motion to Vacate, Set Aside or Correct pursuant to 28 U.S.C. §2255 was considered and denied on May 19, 2004. *Wesley-El v. United States*, Civil Action No. CCB-02-1749, ECF No. 2. On July 28, 2008, he filed a habeas petition under 28 U.S.C. §2241, which the

court construed as a successive §2255 motion and dismissed on July 31, 2008. *Wesley-El v Whitehead*, Civil Action No. CCB-08-1958, ECF No. 3.

On January 7, 2014, Wesley-El filed another §2255 Motion to Vacate framed as a petition for "actual innocence." *Wesley-El v. United States*, Civil Action No. CCB-14-41, ECF No. 1. In this motion, Wesley-El asserted his life sentence under 21 U.S.C. § 841(b)(1)(A) was defective because the two prior state felony drug convictions used to enhance his sentence were not separate offenses. *Id.* On May 31, 2017, this petition was dismissed as a successive § 2255 motion. *Id.*, ECF Nos. 2, 3. The court noted that if it were permitted to rule on the motion it would be denied because the life sentences were validly imposed, taking into account the drug quantities involved and the defendant's prior record. *Id.*, ECF No. 2 at 2. A certificate of appealability was denied by this court, *id.*, ECF No. 2, 3, and also by the Fourth Circuit Court of Appeals. *United States v. Wesley*, Criminal Action No. CCB-97-33, ECF No. 112.

On July 6, 2017, Wesley filed a § 2241 petition. *Wesley-El v. Steward*, Civil Action No. CCB-17-1863, ECF No. 1. Wesley-El argued that his sentence was improper in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016) (explaining the process for determining whether state crimes can be used as predicate offenses under the Armed Career Criminal Act ("ACCA")). This petition was dismissed for lack of jurisdiction on July 27, 2017. *Id.*, ECF Nos. 3, 4.

In the instant petition, Wesley-El again asserts that his life sentence under 21 U.S.C. § 841(b)(1)(A) was defective because the two prior state felony drug convictions used to enhance his sentence were not separate offenses. This is the same argument he raised in the § 2255 motion, dismissed as successive on May 31, 2017. *Wesley-El v. United* States, Civil Action No. CCB-14-41.

**DISCUSSION**

As a preliminary matter, the court must decide whether this claim is properly raised in a §2241 petition or is, instead, more appropriately considered under 28 U.S.C. §2255.

A writ of habeas corpus pursuant to 28 U.S.C. §2241 and a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 are separate and distinct legal mechanisms for obtaining post-conviction relief. A § 2241 petition attacks the manner in which a sentence is executed. *See* 28 U.S.C. § 2241(a). By contrast, a § 2255 motion challenges the validity of a conviction or sentence; *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (en banc).

Although a federal prisoner generally may not seek collateral relief from a conviction or sentence by way of § 2241, an exception under the "savings clause" in § 2255 permits such action if the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). 28 U.S.C. § 2255(e) provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

In *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018), the United States Court of Appeals for the Fourth Circuit concluded that a petition brought pursuant to § 2255 is inadequate to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) after the prisoner's direct appeal and first § 2255 motion, the settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wesley-El's petition is assessed under the *Wheeler* criteria. He asserts that the decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) compels this court to find he was improperly sentenced. ECF Nos. 1, 1-1, 9. Further, he cites to *Miller v. United States*, 735 F.3d 141, 147 (4th Cir. 2013) as holding that *Simmons* announced a new substantive rule that is retroactive on collateral review. ECF No. 1-1 at 8. The flaw in Wesley-El's argument is that *Simmons* presented different facts than in his case and is inapplicable to the federal sentence he received. He does not meet the *Wheeler* requirement that settled substantive law as applied to his case has changed.

Wesley-El argues that his life sentence under 21 U.S.C. § 841(b)(1)(A) was defective because he did not have an aggravated conviction. He asserts that his two prior state felony drug convictions with sentences each of ten years, with five years suspended, used to enhance his sentence, were not separate offenses. ECF No. 1-1 at 4. *Simmons* did not address this issue. Rather, *Simmons* addressed whether, under the North Carolina Structured Sentencing Act, an offense that was punishable by imprisonment for a term exceeding one year only if certain aggravating factors were found qualified as a predicate felony conviction. *Simmons* held that a defendant must have been actually charged with and convicted of an aggravated offense, without considering hypothetical aggravating factors, for that offense to qualify as a predicate felony conviction. 649 F.3d at 244. Wesley-El's sentence enhancement was based on the two prior felony drug convictions, not on hypothetical aggravating factors, as in *Simmons*. Thus, his reliance on *Simmons* is misplaced.

Further, as noted, Wesley-El's §2255 Motion filed on January 7, 2014, dismissed as successive, asserted the same argument he now maintains. *Wesley-El v. United States*, Civil Action No. CCB-14-41. A certificate of appealability was denied by this court, *id.*, ECF No. 2, 3,

4

and also by the Fourth Circuit Court of Appeals. *United States v. Wesley*, Criminal Action No. CCB-97-33, ECF No. 112.

It is clear that Wesley-El's petition is actually a successive § 2255 Motion to Vacate and is improperly filed in this court unless the Fourth Circuit Court of Appeals issues a certification pursuant to 28 U.S.C. § 2244.  Wesley El provides no evidence of receiving such certification. Accordingly, the petition, construed as a § 2255 motion, must be dismissed for lack of jurisdiction. *See* 28 U.S.C. §2255(h).[1]

### CERTIFICATE OF APPEALABILITY

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *Buck v. Davis*, 137 S.Ct. 759, 773 (2017) (citing *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003)).  The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El*, 537 U.S. at 327.

Insofar as a certificate of appealability may be required to appeal this decision, the court finds the legal standard for issuance has not been met and declines to issue a certificate of appealability.

---

[1] The court is aware that Wesley-El, through counsel, also has filed a motion for compassionate release (CCB-97-0033, ECF Nos. 118, 123).  This ruling does not address the issue of compassionate release.

## CONCLUSION

The court will dismiss the petition without prejudice for lack of jurisdiction. A certificate of appealability will not issue. A separate order follows.


 12/22/21                                        /S/
Date                                          Catherine C. Blake
                                             United States District Judge